IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVEROD REID, <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DEPARTMENT OF JUSTICE, <br><br> *Defendants.* | Case No. 19-cv-10705 <br><br> **COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff Everod Reid ("Plaintiff" or "Mr. Reid's") is a noncitizen who filed, through his attorney, requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with the United States Citizenship and Immigration Services ("USCIS") and the Executive Office for Immigration Review ("EOIR") (collectively, "the Agencies" or "the Defendants") seeking his individual immigration file ("A-File"). Both of Mr. Reid's requests have now been pending for approximately 100 days. Because USCIS and EOIR failed to comply with the statutory timeframe for releasing documents in response to Mr. Reid's FOIA requests, he now files this FOIA action. Without the requested records, he will be highly prejudiced at his merits hearing, currently scheduled for Friday, November 22, 2019. Mr. Reid seeks disclosure of agency records improperly withheld and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) as this action arises under the FOIA pursuant to 5 U.S.C. § 552. FOIA grants the federal district courts of the United States "jurisdiction to enjoin [an executive] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

3. Venue is proper in the Southern District of New York pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiff is currently detained by Defendant DHS for removal proceedings before Defendant EOIR at the Varick Street Immigration Court in New York, New York within this Court's jurisdiction, and there is no real property involved in this action. Venue is convenient for all parties as, at the time this action is initiated, Mr. Reid has a petition for a writ of habeas corpus pending before this Court.[1]

4. Plaintiff has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5. Plaintiff Everod Reid is a longtime lawful permanent resident ("LPR") and father of five U.S. citizen children who submitted a FOIA request seeking his A-File to prepare for hearings in his removal proceedings. He has been in removal proceedings since 1995 and is currently in removal proceedings at Varick Street New York Immigration Court. He has been detained at the Hudson County Jail in Kearny, NJ since approximately May 16, 2019.

---

[1] *Reid v. Decker*, 1:19-cv-08393, has been fully briefed before the Hon. Katherine Polk Failla.

6. Defendant USCIS is a component agency of the Department of Homeland Security ("DHS") and is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating petitions and applications for certain immigration benefits in the United States. USCIS has in its possession, custody, and control individual immigration files, formally titled Alien Registration Files, also known as A-Files. The National Records Center of USCIS is located in Lee's Summit, Missouri.

7. Defendant DHS is a department in the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS is headquartered in Washington, D.C.

8. Defendant EOIR is a component office of the Department of Justice ("DOJ") and is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Among other duties, EOIR is responsible for adjudicating immigration cases and interpreting and administering immigration laws. EOIR has in its possession, custody, and control records related to immigrants in immigration proceedings. The FOIA Service Center of EOIR is located in Falls Church, Virginia.

9. Defendant DOJ is a department in the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ is headquartered in Washington, D.C.

## STATEMENT OF FACTS

10. This case is based on Mr. Reid's July 24, 2019 and August 13, 2019, requests to obtain his A-File and other records from USCIS ("USCIS Request") and EOIR ("EOIR

Request"), respectively (collectively, "FOIA Requests"). The Requests has gone unanswered[2] and the records have been improperly withheld.

11. Mr. Reid has submitted applications for relief from deportation in his removal proceedings. His individual hearing, during which he will need to present evidence in support of his claims for relief, is scheduled for Friday, November 22, 2019. Mr. Reid made his FOIA Requests so that, during his removal proceedings, he has access to the records that the government maintains about him and that they may try to use against him.

12. On July 24, Mr. Reid, through his attorney, submitted the USCIS Request seeking "A-file, removal, detention, and deportation records, prior immigration petitions and supporting documents, USCIS decisions, and all other USCIS records pertaining to Mr. Reid." The USCIS Request is attached as Exhibit A.

13. The USCIS FOIA guide indicates that requests should be submitted to uscis.foia@uscis.dhs.gov. *See* U.S. Citizenship and Immigration Services, Freedom of Information Act Request Guide, 5, July 10, 2019, https://www.uscis.gov/sites/default/files/files/nativedocuments/USCIS_FOIA_Request_Guide.pdf ("USCIS FOIA Guide"). Plaintiff's request was mailed electronically to that address on July 24, 2019. *See* Ex. A.

14. USCIS prioritizes certain requests for records sought by a person who will appear before an immigration judge. USCIS FOIA Guide at 6. Those requests are placed on an accelerated "Track 3." *Id*. In order to qualify for Track 3 treatment, a request must include supporting documents, such as a notice of a future scheduled hearing before an immigration judge. *Id*.

---

[2] Mr. Reid did receive a receipt acknowledgement for both requests, as described herein, but neither USCIS nor EOIR have provided a substantive response to his requests.

15. Mr. Reid asked that his request be placed on the accelerated track and be given priority treatment. *Ex.* A. His USCIS Request complied with the requirements for Track 3 processing as he attached an immigration court hearing notice. *See* Ex. A.

16. In a response dated August 13, 2019, Defendant USCIS confirmed receipt and assigned control number NRC2019580132. The letter stated that the Request was received on July 25, 2019.[3] The letter confirmed the USCIS Request was placed on the accelerated Track 3 and invoked the 10-day extension to respond to the Request pursuant to 5 U.S.C. § 552(a)(6)(B). *See* Ex. B.

17. Mr. Reid's USCIS Request has now been pending for 117 days without a response.[4]

18. On August 13, 2019 Mr. Reid, through his attorney's office, submitted the EOIR Request seeking:

> All documents and transcripts from Mr. Reid's removal proceedings at the Newark NJ Immigration Court; All documents and transcripts from Mr. Reid's removal proceedings at the 26 Federal Plaza and Varick Street Immigration Courts; All documents pertaining to Mr. Reid at the Board of Immigration Appeals; Records of Proceedings in all hearings before EOIR; Court Orders, Charging Documents, and Court and BIA Decisions.

The EOIR Request is attached as Exhibit C.

19. The EOIR instructions on how to submit a FOIA request indicates that requests should be submitted to EOIR.FOIARequests@usdoj.gov. *See* Exec. Off. for Imm. Rev., Freedom of Information Act (FOIA), https://www.justice.gov/eoir/freedom-information-act-foia ("EOIR

---

[3] In fact, Mr. Reid's USCIS Request was submitted electronically via the USCIS FOIA email on July 24, 2019. *See* Ex. A.

[4] The USCIS Request has been pending for 117 calendar days—or 80 business days—since USCIS received the Request on July 25, 2019. During a phone call with Mr. Reid's counsel Molly Lauterback on Monday, November 18, 2019, Assistant U.S. Attorney for the Eastern District of New York Alex Weinberg informed Ms. Lauterback that the USCIS FOIA office had yet to begin reviewing Mr. Reid's FOIA file and that "for a variety of reasons" the file was not in the correct place.

FOIA Instructions"). Mr. Reid's EOIR Request was mailed electronically pursuant to the EOIR FOIA Instructions. *See* Ex. C.

20. In a response dated August 16, 2019, Defendant EOIR confirmed receipt and assigned control number 2019-47781. The letter invoked the 10-day extension to respond to the Request pursuant to 5 U.S.C. § 552(a)(6)(B). *See* Ex. D.

21. Mr. Reid's EOIR Request has now been pending for 98 days without a determination.[5]

22. As of the date that this Complaint is filed, November 19, 2019, neither USCIS nor EOIR have provided any determination on Mr. Reid's FOIA Requests.

23. The Agencies have thus far failed to conduct a legally adequate search for the requested agency records within the time period mandated by FOIA and have failed to produce all responsive agency records to Plaintiff within that same time period.

24. The Agencies' actions are highly prejudicial to Mr. Reid's case, currently pending at Varick Street Immigration Court. In the absence of further action by USCIS or EOIR, Mr. Reid will not be able to obtain the records the government maintains about him prior to his individual hearing on November 22, 2019. These records may include content on the very same matters that will be addressed during his hearing. *See, e.g.*, *Nightingale v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-03512, 2019 WL 5191066, at *1-2 (N.D. Cal. Oct. 15,2019) (noting that A-files are "critical to defending against removal or determining eligibility for immigration benefits" and describing the harms of delayed access to such files); *Matter of Duran*, 20 I&N Dec. 1, 3 (BIA 1989) ("We have no difficulty concluding that . . . a person in

---

[5] The EOIR Request has been pending for 98 calendar days—or 31 business days—since Mr. Reid submitted the EOIR Request on August 13, 2019.

immigration proceedings should be given access to the records maintained about himself by [immigration agencies].").

## CLAIM FOR RELIEF

### COUNT 1

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Failure to Conduct an Adequate Search for Responsive Records**

25. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

26. Defendants are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's FOIA Requests.

27. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

28. Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's FOIA Request violates 5 U.S.C. § 552(a)(3)(C).

### COUNT 2

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Failure to Disclose Responsive Records**

29. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

30. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Request.

31. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

32. Defendants' failure to disclose all responsive records violates 5 U.S.C. § 552(a)(3)(A).

## COUNT 3

### Violation of the Freedom of Information Act, 5 U.S.C. § 552:
### Failure to Respond within Time Required

33. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

34. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to produce records responsive to Plaintiff's FOIA Request within 20 business days. Defendants USCIS and EOIR have both invoked an extension of an additional 10 days under 5 U.S.C. § 552(a)(6)(B). Defendants USCIS and EOIR both failed to produce any responsive records in response to Plaintiff's FOIA Request within the statutory 30 business days permitted under 5 U.S.C. § 552(a)(6).

35. Plaintiff has a legal right to timely obtain records responsive to his request, and no legal basis exists for Defendants' failure to timely disclose them.

36. Defendants' failure to disclose all responsive records within the statutory timeframe violates 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(B).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against Defendant USCIS, and asks that the Court:

    A.    Assume jurisdiction over this matter;

    B.    Order Defendants USCIS and EOIR to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance U.S.C. § 552(a)(3)(C);

    C.    Order Defendant USCIS and EOIR to expeditiously disclose all responsive, non-exempt records and enjoin Defendant USCIS from improperly withholding records;

D.  Declare that Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(C);

E.  Declare that Defendants' failure to disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

F.  Declare that Defendants' failure to promptly produce records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

G.  Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

H.  Grant such other relief as the Court may deem just, equitable, and appropriate.

November 19, 2019                                  Respectfully submitted,

*s/ Molly Lauterback*
Molly Lauterback
Brooke Menschel
BROOKLYN DEFENDER SERVICES
177 Livingston Street, 7th Floor
Brooklyn, NY 11201
Tel: (718) 254-0700
mlauterback@bds.org
bmenschel@bds.org
*Counsel for Plaintiff*